UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

AMELIA STREET INVESTMENTS, LLC,        Case No.: 6:11-bk-19109-ABB

       Debtor(s).
_____/

**DEBTOR'S PLAN OF REORGANIZATION, DATED 12/29/11**

**ARTICLE 1**
**SUMMARY**

      This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") is being proposed by Amelia Street Investments, LLC (the "Debtor") pursuant to 11 U. S. C. §1121.

      All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claims. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE 2**
**DEFINITIONS - INTERPRETATION - GENERAL PROVISIONS**

      2.01. <u>Definitions</u>. For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

      a.    <u>Administrative Expense</u> shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

      b.    <u>Allowed</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy

Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

  c. <u>Bankruptcy Rules</u> mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

  d. <u>Bar Date</u> shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtor.

  e. <u>Bankruptcy Code</u> shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

  f. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

  g. <u>Business Day</u> shall mean any day except Saturday, Sunday, or any legal holiday.

  h. <u>Chapter 11 Case</u> shall mean the above reference Chapter 11 reorganization case of the Debtor pending in the Bankruptcy Court.

  i. <u>Claim</u> shall mean, as defined in §101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

  j. <u>Class</u> means a group of Claims of Interests substantially similar to each other as classified under this Plan.

  k. <u>Confirmation Date</u> shall mean the date of entry of the Confirmation Order.

l. <u>Confirmation Order</u> shall mean the order entered by the Bankruptcy Court confirming the Plan.

m. <u>Contested</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

n. <u>Disallowed</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

o. <u>Disclosure Statement</u> means the disclosure statement that was filed by the Debtor pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

p. <u>Distribution Date</u> when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen days before the first Business Day of the next calendar month, in which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

q. <u>Effective Date</u> shall mean: (a) if no stay of the Confirmation Order is in effect, then the 15th day after the Confirmation Order is entered, or (b) if a stay of the Confirmation Order is in effect, then the 15th day following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

r. <u>Final Order</u> means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

s. <u>Interest</u> means a membership interest in the Debtor.

t. <u>Objection Deadline</u> means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

   u. <u>Petition Date</u> shall mean December 23, 2011.

   v. <u>Plan</u> shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

   w. <u>Priority Non-Tax Claim</u> shall mean a Claim entitled to priority pursuant to §§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

   x. <u>Priority Tax Claim</u> shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

   y. <u>Secured Claim</u> shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

   z. <u>Unsecured Claim</u> means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

  2.02 <u>Bankruptcy Code Definitions</u>. Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

  2.03. <u>Interpretation</u>. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

  2.04. <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

2.05.  <u>Binding Effect</u>.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.06.  <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

2.07.  <u>Controlling Effect</u>.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE 3
## CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against and Interests in the Debtor will be classified as follows except to the extent otherwise agreed.

Class 1.  The Allowed Secured Claim of Earl K. Wood, Orange County Tax Collector ("Orange County Tax Collector").

Class 2.  The Allowed Secured Claim of First Southern Bank

Class 3.  All Allowed Unsecured Claims.

Class 4.  Membership Interests in the Debtor.

## ARTICLE 4
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

4.01  <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

4.02  <u>Administrative Expense Claims</u>.   Each holder of an allowed administrative expense claim will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

4.03  <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full in cash on the effective date of the Plan.

4.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE 5
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

The Claims and interests will be treated as follows under this Plan:

5.01    Class 1 -The Allowed Secured Claim of Orange County Tax Collector.

The holder of this claim will retain the lien securing its claim and the legal, equitable and contractual rights of the holder of this claim will be unaltered by the Plan

5.02    Class 2 – The Allowed Secured Claim of  First Southern Bank (the "First Southern Claim").

At the option of the Debtor, the Debtor will either:

a.    transfer the real property securing payment of the First Southern Claim (as described in Exhibit "A") (the "Real Property") to the holder of the First Southern Claim as payment and in full satisfaction of the First Southern Claim.  The transfer will be made by way of a special warranty deed;  or

b.    sell the Real Property and pay the First Southern Claim in full at closing.  If the Debtor sells the Real Property and the closing occurs after the Confirmation Date, then the holder of the First Southern Claim will retain the lien securing the claim and the parties shall execute a mortgage modification agreement and an amended and restated promissory note, which contains the following terms (the "Modification Agreement"):

(i)    Principal Amount Due.  The principal amount due to the holder of the First Southern Claim shall be equal to the amount of the Allowed Secured Claim of First Southern Bank as determined by the Court pursuant to the Debtor's Motion to Value Claim of First Southern Bank (Document no. 14);

(ii)    Interest.  The Debtor contends that the value of the Real Property, which secures the Claim of First Southern Bank, is greater than the Allowed Secured Claim of First Southern.  Accordingly, the principal amount due will accrue interest from the Petition Date at a market rate to be determined by the Court;

(iii) Payment and Maturity. The principal amount due together with all accrued and unpaid interest shall be due and payable in full at the closing of the sale of the Real Property securing the First Southern Claim.

*If the closing of the sale of the Real Property does not occur within six (6) months of the Effective Date, then the Debtor shall transfer the Real Property to the holder of the First Southern Claim pursuant to section 5.02 a. above.*

The Debtor shall make its election to treat the holder of the Class 2 claim pursuant to the terms of section 5.02 a. or 5.02 b. in open Court at the hearing to consider approval of the Disclosure Statement. If the Court enters an Order Conditionally Approving the Disclosure Statement without a hearing, then the Debtor will make the election by notice filed with the Court no later than 7 days after the entry of the Order Conditionally Approving the Disclosure Statement.

5.03 Class 3 – All Allowed Unsecured Claims.

If the Debtor elects to treat the Class 2 claim pursuant to the terms of section 5.02. a. above, then the Debtor shall pay the total sum of $2,500.00 to the Class 3 claimants, which shall be paid to the holders of Allowed Class 3 claims on a pro-rated basis. The payment shall be made in a lump sum no later than 30 days after the Effective Date.

If the Debtor elects to treat the Class 2 claim pursuant to the terms of section 5.02 b. above, then the Holders of Allowed Unsecured Claims shall receive the greater of $2,500.00 or the net proceeds from the sale of the Real Property, which shall be paid to the holders of Allowed Class 3 claims on a pro-rated basis. The payment shall be made in a lump sum no later than 30 days after the closing of the sale of the Real Property. However, if, as is provided above, the sale of the Real Property does not close within 6 months after the Effective Date and the Debtor transfers the Real Property to the holder of the First Southern Claim, then then the Debtor shall pay the total sum of $2,500.00 to the Class 3 claimants, which shall be paid to the holders of Allowed Class 3 claims on a pro-rated basis. The payment shall be made no later than 30 days after the execution of the deed transferring the Real Property.

5.04  Class 4 – Membership Interests in the Debtor.

The legal, equitable and contractual rights of the holders of membership interests will be unaltered by the Plan

## ARTICLE 6
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

6.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 7
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.01    Assumed Executory Contracts and Unexpired Leases.  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan:    None.

7.02    Rejected Executory Contracts and Unexpired Leases.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.01 above.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE 8
## MEANS FOR IMPLEMENTATION OF THE PLAN

8.01    Funding and Implementation of the Plan.  As is provided in section 5.02 the Debtor will either transfer the Real Property to the Holder of the First Southern Claim or sell the Real Property.  The $2,500.00 cash payments required by section 5.03 will be made from contributions from the members.  If the Debtor sells the Real Property and the net proceeds are greater than $2,500.00 then the net proceeds will be used to fund the payment to the Class 3 claimants.

8.02 <u>Continued Existence</u>.  The Debtor shall continue to exist after the Effective Date as a Limited Liability Corporation in accordance with the laws of the State of Florida.

8.03 <u>Management</u>. Theodore D. Estes will continue to act as the Manager of the Debtor.

8.04 <u>Restated Articles of Organization</u>.  The operating agreement of the Debtor shall be amended as necessary to satisfy the provisions of the Plan and Bankruptcy Code.

8.05 <u>Revesting of Assets</u>.  The property of the estate of the Debtor shall revest in the Debtor on the Effective Date, except as otherwise provided in the Plan.  On and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code.  As of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

8.06 <u>Assumption of Liabilities</u>.  The liability for and obligation to make the distributions required under the Plan, shall be assumed by the Debtor which shall have the liability for and obligation to make all distributions of property under the Plan.

8.07 <u>Avoidance Actions</u>.  Causes of action assertable by the Debtor pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtor.  Any net recovery realized by a Debtor on account of such causes of action, shall be the property of the Debtor.

Respectfully Submitted,

/s/Kenneth D. Herron, Jr
Kenneth D. Herron, Jr., Esq.
Florida Bar No. 699403
Roman V. Hammes, Esq.
Florida Bar No. 87250
Wolff, Hill, McFarlin & Herron, P.A.
1851 West Colonial Drive
Orlando, Florida 32804
Telephone: (407) 648-0058
Facsimile: (407) 648-0681
kherron@whmh.com

Attorneys for Debtor/Plan Proponent